UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PHILIP ROY GALANTI,

Plaintiff,

v.

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

Case No. 2:19-cv-01044-GMN-EJY

**ORDER**

Before the Court is Defendant Clark County School District's ("CCSD") unopposed Motion to Stay Discovery (ECF No. 38), and Plaintiff's Motion for Decision on Motion for Scheduling Order.[1]  ECF No. 40.  The Court finds as follows.

I.      **BACKGROUND**

This section 1983 civil rights action was filed by a former Nevada prisoner against the Nevada Department of Corrections ("NDOC"), six NDOC staff members (together with the NDOC, the "NDOC Defendants"), and the CCSD for allegedly failing to apply sentence reduction credits earned through participation in an adult education program.

On December 19, 2019, Plaintiff filed his Amended Complaint.  ECF No. 21.  Plaintiff alleges two due process and equal protection claims against (1) five NDOC staff members for providing him less sentence reduction credits than earned by other prisoners pursuant to NRS 209.4465 ("Count I"), and (2) all named Defendants for delaying application of 150 "education program deductions and work day deductions of up to 40 days" because Plaintiff is a sex offender ("Count II").  *Id.* at 10; *see also id.* at 7-12.

The NDOC Defendants and CCSD filed motions to dismiss on December 31, 2019 (ECF No. 22) and January 2, 2020 (ECF No. 24), respectively.  On January 21, 2020, Plaintiff filed an unopposed Motion to Extend Time to Respond to CCSD's Motion to Dismiss.  ECF No. 27.

---

[1]      The Court has made typographical changes to the title of Plaintiff's Motion for the sake of clarity.

Although the Court granted Plaintiff's request for extension of time (ECF No. 29), Plaintiff has not filed a response to CCSD's Motion to Dismiss to date.

On June 29, 2020, Plaintiff filed his Motion for Scheduling Order.  ECF No. 35.  The next day, the Court ordered the parties to meet and confer for purposes of agreeing to a scheduling order, noting that nothing in the Order bars Defendants from seeking a stay of discovery pending resolution of their dispositive motions.  ECF No. 36 at 1.  On July 8, 2020, CCSD filed its Motion to Stay Discovery.  ECF No. 38.  The NDOC Defendants did not file a joinder to CCSD's Motion; nor did they file a separate motion to stay discovery.

On August 3, 2020, Plaintiff filed what the Clerk's Office labeled as his "Motion for Decision on Motion for Scheduling Order."  ECF No. 40.  Plaintiff asks the Court to issue a scheduling order in this matter, noting that he has called the Attorney General's Office on three different occasions to meet and confer in accordance with the Court's June 30, 2020 Order to no avail.  *Id*.

## II.    DISCUSSION

Generally, a dispositive motion does not warrant a stay of discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery."  *Rosenstein v. Clark Cnty. Sch. Dist.*, No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted).   Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted.  *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case.  *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011).  In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Tradebay*, 278 F.R.D. at 602.

A preliminary peek at CCSD's Motion to Dismiss demonstrates it is likely to dispose of this action as to this Defendant.  As an initial matter, Plaintiff failed to oppose CCSD's Motion to Dismiss or its instant Motion to Stay Discovery and, therefore, he has consented to the Court granting these motions in their entirety.  Local Rule ("LR") 7-2(d).  Turning to the substance, the Court will likely grant CCSD's Motion to Dismiss with respect to Plaintiff's Count I.  Not only does Plaintiff fail to identify CCSD as a defendant under Count I, but NRS 209.4465 also "does not apply to the School District, as the School District has no authority to grant [sentence reduction] credits" for prisoners. ECF No. 24 at 3-4; *see also Edwards v. Nev.*, Case No. 2:17-CV-645 JCM (CWH), 2017 WL 5947374, at *3 (D. Nev. Nov. 30, 2017) (granting defendant's motion to dismiss because plaintiff did not make any direct allegation against this defendant in his five causes of action); NDOC Administrative Regulation ("AR") 803 (providing that the NDOC Deputy Director, Warden, and staff are responsible for implementation of the meritorious credits awards process).  Similarly, the Court will likely grant CCSD's Motion to Dismiss with respect to Plaintiff's Count II because CCSD has "no authority to apply sentence reduction credits for prisoners, nor does it have any authority over NDOC or the operation of its prisons."  ECF No. 24 at 4-5; *see also* NDOC AR 803. Accordingly, CCSD's Motion to Dismiss will likely dispose of this case as to this Defendant.

When "considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings."  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013) (internal citation and quotation marks omitted).  For the reasons stated above, Plaintiff's Amended Complaint fails to state claims upon which relief can be granted against the CCSD as pled.  Therefore, the Court finds discovery unnecessary to decide CCSD's Motion to Dismiss.

Having taken a preliminary peek at CCSD's Motion to Dismiss (ECF No. 24), the Court is convinced that CCSD's case dispositive motion can be decided without discovery.  The Court therefore finds a stay of discovery appropriate as to CCSD only, pending resolution of its Motion to Dismiss.  Because the Court grants CCSD's Motion to Stay Discovery (ECF No. 38), it also denies

Plaintiff's Motion for Decision on Motion for Scheduling Order (ECF No. 40) as moot with respect to CCSD only.

With respect to the NDOC Defendants, none has filed a joinder to CCSD's Motion to Stay Discovery or a separate motion to stay discovery, and the Court will issue a Scheduling Order.

**III.     ORDER**

Accordingly,

IT IS HEREBY ORDERED that Defendant Clark County School District's Motion to Stay Discovery (ECF No. 38) is GRANTED.  Discovery is stayed as to Clark County School District only.  Any discovery that implicates Clark County School District or requires Clark County School District to respond shall not be allowed.

IT IS FURTHER ORDERED that Plaintiff's Motion for Decision on Motion for Scheduling Order (ECF No. 40) is:

- GRANTED in part to the extent the Scheduling Order above shall issue with respect to Plaintiff and the NDOC Defendants.

- DENIED in part as moot against Defendant Clark County School District.  In the event the Court denies Clark County School District's Motion to Dismiss (ECF No. 24), a scheduling order as to this Defendant shall promptly issue.

IT IS FURTHER ORDERED that the following scheduling order applies to the NDOC Defendants:

1.     DISCOVERY:  Pursuant to LR 26-1(b), discovery in this action must be completed on or before **120 days** from the date of this Order, which is **December 3, 2020**.

2.     Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of Court, or motions for leave to amend, must comply with LR 15-1 and must be filed and served within 90 days prior to the close of discovery, which is **September 4, 2020**.

3.     Initial Expert disclosures shall be made on or before **October 5, 2020**, and the disclosures of rebuttal experts shall be made on or before **November 4, 2020**.  All disclosure must comply with Fed. R. Civ. P. 26(a)(2).

4.      Dispositive Motions shall be filed and served no later than **January 4, 2021**.

5.      The Joint Pretrial Order shall be filed and served no later than **February 3, 2021**.  If dispositive motions are filed, the date for filing the joint pretrial order must be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the Court.

6.      Fed. R. Civ. P. 26(a)(3) Disclosures:  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7.      EXTENSIONS OF DISCOVERY:   Pursuant to LR 26-3, an extension of the discovery deadlines will not be allowed without a showing of good cause.  All motions or stipulations to extend discovery must be received by the Court at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation must include:

a.      A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

b.      A specific description of the discovery which remains to be completed;

c.      The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

d.      A proposed schedule for the completion of all remaining discovery.

Any party who desires an amendment to this Scheduling Order must, within thirty (30) days hereof or by **September 4, 2020**, file and serve a statement of proposed amendments and the reasons therefor.  Each other party must then have 14 days within which to file and serve a response thereto.  After expiration of the sixty-day period, any amendment of this Scheduling Order must be granted only upon motion and good cause shown.

IT IS FURTHER ORDERED that counsel for the NDOC Defendants shall provide Plaintiff with a reliable means for telephonic contact within **seven (7) calendar days** of this Order.

Dated this 5th day of August, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

5