**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILIP ROY GALANTI,

        Plaintiff,

vs.

NEVADA DEPT. OF CORRECTIONS, *et al.*,

        Defendants.

Case No.: 2:19-cv-01044-GMN-EJY

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 22), filed by Defendants Nevada Department of Corrections ("NDOC"), James Dzurenda, Brian Williams, Alessia Moore, Jennifer Nash, Kim Peterson, and Anthony Ritz, (collectively, "NDOC Defendants"). Pro se Plaintiff Philip Roy Galanti ("Plaintiff") filed a Response, (ECF No. 30), and the NDOC Defendants filed a Reply, (ECF No. 31).

Also pending before the Court is Defendant Clark County School District's ("CCSD's") Motion to Dismiss, (ECF No. 24). Plaintiff did not file a Response.

Also pending before the Court is Plaintiff's Motion for Ruling, (ECF No. 34), on NDOC Defendants' Motion to Dismiss.

Also pending before the Court is NDOC Defendants' Motion to Stay Discovery, (ECF No. 44).

For the reasons discussed below, the Court **GRANTS** the NDOC Defendants' Motion to Dismiss, **GRANTS** CCSD's Motion to Dismiss, and **DENIES** Plaintiff's Motion for Ruling and NDOC Defendants' Motion to Stay Discovery as moot.

## I. BACKGROUND

This is a civil rights case arising under 42 U.S.C. § 1983 with Plaintiff alleging that Defendants unduly delayed his release on parole and extended his sentence in violation of his constitutional rights. (*See generally* First Am. Compl. ("FAC"), ECF No. 21).  Plaintiff was formerly an inmate at High Desert State Prison ("HDSP") who was paroled on June 1, 2018. (FAC at 1, 10).  Plaintiff commenced this action on June 18, 2019, alleging violations of his Fourteenth Amendment due process and equal protection rights, as well as Fourth, Fifth, and Eighth Amendment claims against the NDOC, CCSD, NDOC Director James Dzurenda, Warden Brian Williams, Associate Warden Jennifer Nash, NDOC Administrator Kim Peterson, and HDSP caseworkers Alessia Moore and Anthony Ritz, (collectively, "Defendants"). (Compl. at 2–3, 6–8, ECF No. 1).  On December 19, 2019, Plaintiff filed his First Amended Complaint, alleging the same. (*See generally* FAC).

In his First Amended Complaint, Plaintiff claims that Defendants failed to apply the good-time education credits that he earned pursuant to NRS 209.4465 to his minimum sentence and parole eligibility dates, resulting in an extended period of incarceration. (*Id.*).  Plaintiff calculates that he is owed "approximately 40 days" under NRS 209.4465(2), which awards "10 days of credit each month for an offender whose diligence in labor and study merits such credit." (*Id.* at 8).  Plaintiff claims an additional 150 days, supposedly under NRS 209.4465(2)(a)–(b), for receiving his high school diploma and completing a vocational course. *See* NRS 209.4465(2)(a)–(b) (awarding offenders 90 days of good time credits for receiving their high school diploma, and 60 days for vocational courses); (*Id.* at 6).  Therefore, Plaintiff asserts that he should have been released on parole around April 10, 2018, and that his sentence should have expired on June 1, 2018. (*Id.* at 6).  Instead he was paroled on June 1, 2018, and his sentence expired in August of 2018. (*Id.* at 10).

## II. LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In their Motion to Dismiss, the NDOC Defendants allege that Plaintiff fails to state a claim upon which relief can be granted. (NDOC Mot. Dismiss ("NDOC MTD") 1:24, ECF No.

22).  The NDOC Defendants assert several reasons for dismissal, such as: Plaintiff cannot sue the NDOC or the NDOC Defendants in their official capacity for damages under 42 U.S.C. § 1983, Plaintiff's claims are barred by *Heck v. Humphry*, 512 U.S. 477 (1994), and Plaintiff failed to state Fourteenth Amendment due process and equal protection claims under Fed. R. Civ. P. 12(b)(6). (NDOC MTD 3:18 –19, 4:1–2, 4:14, 5:20, 6:8).  In its Motion, CCSD incorporates the arguments in the NDOC Defendants' Motion and further claims that CCSD has no authority over the application of education credits to Plaintiff's sentence or his alleged extended incarceration. (*See generally* CCSD Mot. Dismiss "CCSD MTD," ECF No. 24).  The Court first addresses whether Plaintiff's allegations can support a Fourteenth Amendment claim.

**A. Due Process**

Plaintiff claims that the NDOC Defendants failed to apply the good-time credits that he earned by attending educational classes to his parole eligibility date, which extended his period of incarceration without due process. (FAC at 5–6).  To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specific liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Allegations that a defendant misapplied state law are not sufficient to state a claim for violating the Fourteenth Amendment's due process clause. *Id.* at 222 (holding that a "mere error of state law is not a denial of due process").

In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. June 4, 2012).  Additionally, there is no liberty interest in prison education or rehabilitation classes. *See Hernandez v. Johnson*, 833 F.2d 1316, 1319 (9th Cir. 1987).  Plaintiff bases his due process claim on the fact that

Defendants failed to apply good-time education credits to his parole eligibility date. (FAC at 5–6). As such, the Court finds that Plaintiff fails to state a colorable due process claim because he does not claim the deprivation of a liberty interest. Further, Defendants alleged failure to comply with NRS 209.4465 is an error of state law, and thus cannot be the proper basis for a due process claim. *See Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good-time credits was an error of state law that did not constitute a due process violation). Therefore, the Court dismisses Plaintiff's due process claim with prejudice.

### B. Equal Protection

To assert his equal protection claim, Plaintiff alleges that the NDOC Defendants treat inmate workers and inmate students differently because inmate workers received "10 days of sentence reductions whether they had worked 1 day or 20 days," but inmate students only received "2 to 10 days per month served and [were] given nothing for education break periods." (FAC at 5). Plaintiff further alleges that his good-time credits were not applied properly because he is a felon and a sex-offender. (*Id.* at 10).

The Equal Protection Clause of the Fourteenth Amendment requires a state to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Where an inmate is not a member of a protected class, an equal protection claim is subject to the rational basis test. *See McGinnis v. Royster*, 410 U.S. 263, 270 (1973) (applying rational basis test where state law denied certain state prisoners good-time credit toward parole eligibility for the period of their presentence county jail incarceration, whereas those released on bail prior to sentencing received good-time credit for the entire period of their prison confinement). Under a rational basis inquiry, in order to prevail on an equal protection claim, a plaintiff must demonstrate that (1) he is similarly situated to others, (2) he is being

treated worse than others with whom he is similarly situated, and (3) there is no rational basis for the disparate treatment. *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993).

Plaintiff's equal protection claim is based on the alleged disparate treatment between inmate workers and inmate students. (*See* FAC at 10–12). However, inmate workers and students are not similarly situated. For example, NRS 209.4465 treats inmate workers and students differently for purposes of awarding good-time credits. Under the statute, inmate students are able to earn a lump-sum amount of credits for completing certain educational milestones, such as receiving a high school diploma, in addition to earning a possible ten credits each month for study time; inmate workers are only entitled to ten credits each month for work time. *See* NRS 209.4465(2). Further, prison workers and students have different responsibilities and assignments. Workers perform prison maintenance and services by staffing positions in the laundry, kitchen, etc., while inmate students attend educational classes. (Resp. at 7–8, ECF No. 30). Accordingly, inmate workers and students are not similarly situated. While Plaintiff is similarly situated to other inmate students, he has neither provided evidence that he is being treated differently than them, nor alleged that the differential treatment between workers and students under NRS 209.4465 is facially unconstitutional.

Further, with regards to Plaintiff's claims of discrimination based on his status as a felon and sex-offender, Plaintiff provides no factual allegations to demonstrate that any other inmates were similarly situated to Plaintiff as felon sex-offenders.[1] Thus, the Court dismisses Plaintiff's equal protection claims without prejudice.

---

[1] The Court also acknowledges that NRS 209.4465(8) itself lawfully discriminates against certain felonies committed after July 1, 2007, such as Class A and B offenses or sexual or violent offenses punishable by felony. *See Vickers v. Dzurenda*, 433 P.3d 306 (Nev. App. 2018), (holding that NRS 209.4465(8) does not violate the equal protection clause by excluding certain offenders from applying their good-time credits to parole eligibility and minimum sentences). Good time credits are not applied to the parole eligibility dates or minimum sentences for these types of offenders. *See* NRS § 209.4465(8). Plaintiff does not allege his underlying offense, only that he is a sex-offender. (FAC at 10). However, depending on the underlying offense, it is possible that Plaintiff was not eligible to receive good-time credits by statute.

**C. Plaintiff's Fourth, Fifth, and Eighth Amendment Claims**

In his Response to Defendants' Motions to Dismiss, Plaintiff "agree[s] with the Defendants that the Fourth and Fifth Amendments do not apply to [his] situation" and "agrees to dismiss the 8th Amendment claim." Therefore, the Court dismisses Plaintiff's Fourth, Fifth, and Eighth Amendment claims with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 22, 24), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling, (ECF No. 34), in **DENIED as moot**.

**IT IS FURTHER ORDERED** that NDOC Defendants' Motion to Stay Discovery, (ECF No. 44), is **DENIED as moot**.

**DATED** this __27__ day of October, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court