UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHILIP ROY GALANTI,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>NEVADA DEPT. OF CORRECTIONS, *et al.*,<br><br>　　　　　　　　Defendants. | Case No.: 2:19-cv-01044-GMN-EJY<br><br>**ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT** |

　　　　Pending before the Court is the Motion for Summary Judgment, (ECF No. 69), filed by Plaintiff Philip Roy Galanti.[1] Defendants James Dzurenda, Jennifer Nash, Alessia Moore, Kimberly Peterson, Anthony Ritz, and Brian Williams filed a Response and Countermotion for Summary Judgment, (ECF No. 79).[2] Plaintiff filed a Reply, (ECF No. 81). Also pending before the Court is Plaintiff's Motion titled "Request for Submission," (ECF No. 87), wherein he moves the Court to rule on his Motion for Summary Judgment prior to a settlement conference. Defendants did not respond.

　　　　For the reasons discussed below, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendants' Countermotion for Summary Judgment. Because the settlement conference was vacated, the Court DENIES as MOOT Plaintiff's Request for Relief.

---

[1] Plaintiff titles his motion as a Motion for Partial Summary Judgment, however, he moves for summary judgment on the only remaining claim in his case. Thus, the Court construes the motion as a Motion for Summary Judgment.

[2] Under LR IC 2-2(b) separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document, rather than filing a response and a countermotion in one document. Notwithstanding this deficiency, the Court will address the merits of Defendants' Countermotion for Summary Judgment because Plaintiff had the opportunity to respond via Reply, eliminating any concern of unfairness or prejudice to the parties.

I.  **BACKGROUND**

Plaintiff, a former inmate at High Desert State Prison ("HDSP"), asserts claims under 42 U.S.C. § 1983 arguing that Defendants unduly delayed his release on parole and extended his sentence in violation of his constitutional rights. (*See generally* First Am. Compl. ("FAC"), ECF No. 21). Plaintiff commenced this action on June 18, 2019, alleging violations of his Fourteenth Amendment due process and equal protection rights, as well as Fourth, Fifth, and Eighth Amendment claims against the Nevada Department of Corrections ("NDOC"), Clark County School District, NDOC Director James Dzurenda, Warden Brian Williams, Associate Warden Jennifer Nash, NDOC Administrator Kim Peterson, and HDSP caseworkers Alessia Moore and Anthony Ritz, (collectively, "Defendants"). (Compl. at 2–3, 6–8, ECF No. 1). Plaintiff later filed his First Amended Complaint, alleging the same. (*See generally* FAC).

In his FAC, Plaintiff claims that Defendants failed to apply the good-time education credits that he earned pursuant to Nevada Revised Statute ("NRS") 209.4465 to his minimum sentence and parole eligibility dates, resulting in an extended period of incarceration. (*Id.*). Plaintiff claims he was entitled to credit for earning his high school diploma, attending school, and completing a vocational certificate in Entrepreneurship/Economics. (*Id.*). Defendants moved to dismiss Plaintiff's FAC and the Court granted their Motion to Dismiss without prejudice on the Fourteenth Amendment Due process claim, and granted the Motion with prejudice regarding the Fourth, Fifth, and Eighth Amendment claims. (*See generally* Order, ECF No. 45). Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the dismissal of the Fourth, Fifth, and Eighth Amendment claims and reversed and remanded the Fourteenth Amendment Due Process claim only as it relates to construing Plaintiff's claim for deprivation of maximum-sentence deductions. (*See generally* Ninth Circuit Opinion, ECF No. 55). The parties subsequently filed briefing on this remanded issue.

The record establishes that Plaintiff received 90 days of credit for earning his high school diploma. (*See* Credit History at 2, Ex. C to Defs.' Resp./Mot. Summ J., ECF No. 79-3). Moreover, Plaintiff states that the only issues remaining is whether he was entitled to a 19-day sentence reduction for days he spent in school and a 60-day sentence reduction for completing a vocational certificate. (Pl.'s Mot. Summ. J. at 4, ECF No. 69). The parties do not appear to dispute that Plaintiff attended school and earned a certificate. The parties do dispute whether Plaintiff was entitled to a mandatory application of sentence reduction credits for attending school and earning a certificate. Plaintiff and Defendants now move for summary judgment on the contested issues.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002). "The

mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Plaintiff moves for summary judgment on his Fourteenth Amendment Due Process claim as it relates to a deprivation of maximum-sentence deductions following the Ninth Circuit's remand on the issue. (*See generally* Pl.'s Mot. Summ. J.). Plaintiff explains in his Motion for Summary Judgment that the two remaining issues to be decided are whether he was entitled to (1) a 19-day sentence reduction for being a student and (2) 60 days of credit for completing a vocational certificate in Entrepreneurship/Economics. (*Id.* at 4). Defendants dispute Plaintiff's arguments and also move for summary judgment. (*See generally* Resp., ECF No. 79). The Court takes up each contested issue in turn.

### A. Credit for School Days

Plaintiff has the initial burden of establishing the absence of a genuine issue of fact, meaning he must come forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480. Plaintiff submits evidence that he attended school while incarcerated and argues that he should

have been entitled to a 19-day sentence reduction under NRS 209.4465(2) for the time he spent in school. (*See generally* Pl.'s Mot. Summ. J.).  Plaintiff therefore contends that his due process rights were violated because Defendants did not reduce his sentence based on his time in school.

"[T]he Due Process Clause protects only against deprivation of existing interests in life, liberty, or property." *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010).  To establish a procedural due process claim, a claimant must show "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).  The question here turns on whether Plaintiff has a liberty interest in sentence reduction credits.

Nevada law does not establish a due process liberty interest in sentence reduction credits unless state law explicitly creates such an interest. *Neal v. Hargrave*, 770 F. Supp. 553, 557 (D. Nev. 1991).  Moreover, this District has explained that sentence reduction credit laws that vest discretion in the officials, creates no due process liberty interest. *Id.* (citing *Cooper v. Sumner*, 672 F.Supp. 1361, 1367 (D. Nev. 1987)).  The state law relied on by Plaintiff, NRS 209.4465(2), provides "the Director *may* allow not more than 10 days of credit each month for an offender whose diligence in labor and study merits such credits." (emphasis added).  "It is a well-settled principle of statutory construction that statutes using the word 'may' are generally directory and permissive in nature, while those that employ the term 'shall' are presumptively mandatory." *Nev. Comm'n on Ethics v. JMA/Lucchesi*, 866 P.2d 297, 302 (Nev. 1994).  The Court finds that the language of the statute vests discretion in the Director to determine whether to apply the credits in question.  Because NRS 209.4465(2) vests an official with discretion, and is not mandatory, Plaintiff does not have a due process liberty interest in sentence reduction credits for days spent in school.  Thus, Plaintiff has not met his initial burden of coming forward with evidence which would entitle him to a directed verdict if the evidence went

uncontroverted at trial because he fails to establish a deprivation of a constitutionally protected liberty or property interest. Accordingly, summary judgment is DENIED to Plaintiff as to this claim.

Defendants move for summary judgment in their Response, arguing that Plaintiff does not have a liberty interest in receiving a sentence reduction credit for attending school because NRS 209.4465(2) is discretionary, rather than mandatory. (*See generally* Defs.' Resp./Mot. Summ. J.). For the reasons discussed above, Defendants meet their initial burden of negating an essential element of Plaintiff's claim and Plaintiff fails to establish that a genuine dispute of material fact exists. Thus, summary judgment is GRANTED in favor of Defendants on this issue.

**B. Credit for Vocational Certificate**

Moving to the issue of whether Plaintiff should have been entitled to a sentence reduction for his vocational certificate, Plaintiff again has the initial burden of establishing the absence of a genuine issue of fact. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480. Plaintiff submits evidence that he earned an Entrepreneurship/Economics Certificate in April of 2018 and argues that he should have been entitled to a 60-day sentence reduction under NRS 209.4465(2)(a). (Pl.'s Mot. Summ. J. at 3–4); (Vocational Certificate, Ex. D to Pl.'s Mot. Summ. J., ECF No. 69). Plaintiff therefore contends that his due process rights were violated because Defendants did not reduce his sentence accordingly.

The Court must determine whether Plaintiff has a due process liberty interest in a sentence reduction credit under NRS 209.4465(2)(a). NRS 209.4465(2)(a) provides:

> The Director may allow not more than 10 days of credit each month for an offender whose diligence in labor and study merits such credits. In addition to the credits allowed pursuant to this subsection, an offender *is entitled to* the following credits for educational achievement:
>
> (a) For earning a general educational development certificate or an equivalent document, 60 days.

NRS 209.4465(2)(a) (emphasis added).  NRS 209.4465(8) states that "[c]redits earned pursuant to this section by an offender who has not been convicted of [certain enumerated crimes] . . . must be deducted from the maximum term or the maximum aggregate term imposed by the sentence, as applicable."  The list of enumerated crimes in 209.4465(8) includes the following: "a sexual offense that is punishable as a felony." NRS 209.4465(8)(b).

Here, because of the mandatory langue of "is entitled to," there is likely a due process liberty interest created by NRS 209.4465(2)(a).  But the record makes clear that Plaintiff does not qualify for the sentence reduction credits because of the crime he was convicted of.  Plaintiff pled guilty to "Statutory Sexual Seduction" in violation of NRS 200.364 and 200.368.1 in his state court proceeding. (J. of Conviction, Ex. A to Defs.' Resp./Mot. Summ J., ECF No. 79-1).  Statutory sexual seduction is a sexual offense as defined under NRS 200.364. *See* NRS 363(8)(b).  Plaintiff is ineligible for sentence reduction credits under NRS 209.4465(2)(a) because his conviction disqualifies him.  Thus, Plaintiff has not met his initial burden of coming forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial because he fails to establish that he qualifies for this sentence reduction credit.  Accordingly, summary judgment is DENIED to Plaintiff as to this claim.

Defendants move for summary judgment in their Response, arguing that Plaintiff does not have a liberty interest in receiving a sentence reduction credit for completing an Entrepreneurship/Economics Certificate because he is ineligible to receive the reduction. (*See generally* Defs.' Resp/Mot. Summ. J.).  For the reasons discussed above, Defendants meet their initial burden of negating an essential element of Plaintiff's claim and Plaintiff fails to establish that a genuine dispute of material fact exists.  Thus, summary judgment is GRANTED in favor of Defendants on this issue.

In sum, Plaintiff's Motion for Summary Judgment is DENIED and Defendants' Countermotion for Summary Judgment is GRANTED.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 69), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Countermotion for Summary Judgment, (ECF No. 79), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Submission, (ECF No. 87), is **DENIED as MOOT**.

The Clerk of Court is kindly directed to enter judgment in favor of Defendants and close the case.

**DATED** this __15__ day of August, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court